**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NIKENSON JEAN MATHURIN. | Criminal No. 24-432 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Nikenson Jean Mathurin's ("Defendant") Motion to Modify Conditions of Release (the "Motion") requesting that: (1) the conditions of home detention and location monitoring be removed; or (2) the conditions of home detention be replaced with a curfew with electronic monitoring. (Mot. *1, ECF No. 88.)[1] The United States of America (the "Government") opposed (Gov't's Opp'n Br., ECF No. 91). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which is applicable to criminal cases under Local Civil Rule 1.1.

In support of his motion, Defendant argues that: (1) he has complied with the conditions of his release; (2) he cares for two minor children and assists two elderly parents—one of which has undergone two surgeries in recent months and requires ongoing care; (3) his business was awarded two federal contracts requiring active performance in Florida and Louisiana; (4) he is proceeding pro se in preparation for sentencing and home detention materially impedes such preparation; and

[1] Page numbers preceded by an asterisk reflect the number atop the ECF header.

(5) he seeks the ability to resume religious work and observance in his community. (*See generally* Mot.)

An individual "who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . [shall] be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see also United States v. Roeder*, 807 F. App'x 157, 160 (3d Cir. 2020) (per curiam).

Here, Defendant fails to present any evidence to show *by clear and convincing evidence* that he is not likely to flee or pose a danger to the safety of any other person or the community if released. (*See generally* Mot.) Defendant, moreover, presents no facts justifying modification of the conditions of release this Court imposed after trial in May 2026. Defendant's current conditions, moreover, explicitly authorize him to leave his residence for employment, religious services, court appearances, court-ordered obligations, and other activities preapproved by Pretrial Services. (Trial Tr. 492:6-11.) The Court therefore finds that Defendant has not met his burden, and accordingly,

**IT IS** on this 2nd day of September 2026, **ORDERED** that:

1. Defendant's Motion (ECF No. 88) is **DENIED**.

**Michael A. Shipp**
**United States District Judge**