**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NIKENSON JEAN MATHURIN,<br>Defendant. | Criminal No. 24-432 (MAS)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Nikenson Jean Mathurin's ("Defendant") Motion to Appoint Independent Conflict-Free Counsel for a Limited Purpose, Preservation and Transfer of the Prior Defense File, Limited *In Camera* Development of the Sixth Amendment Record Concerning the Conflict of Interest Disclosed by Prior Counsel, and Preservation of Claims Under *Cuyler v. Sullivan* and *Strickland v. Washington* (the "Motion"). (Def.'s Mot., ECF No. 98.) The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1.[1]

In the Motion, Defendant seeks appointment of Criminal Justice Act ("CJA") counsel for the purposes of: (1) obtaining Defendant's complete case file; and (2) exploring the nature of the conflict of interest that Defendant's prior defense counsel cited—and this Court accepted—as justification for withdrawal of representation under Rule of Professional Conduct 1.7. (Def.'s

---

[1] Because the Court addresses the Motion in short order, the Court does not require a response from the Government.

Moving Br. 21, ECF No. 98-1.) Defendant also requests that this Court take additional steps after appointing CJA counsel, including: (1) entering a preservation order for all case-related records; (2) scheduling an *in camera* status conference; (3) allowing for appointed counsel's submission of a "focused sealed proffer"; and (4) if necessary, conducting a limited evidentiary hearing. (*Id.*) These requests, Defendant contends, are necessary to develop the record regarding prejudice allegedly suffered as a result of prior defense counsel's stated conflict, which in turn, may support Defendant's anticipated Sixth Amendment claim for ineffective assistance of counsel. (*Id.* at 3, 15.)

The Court denies the Motion for three reasons. First, the Motion is procedurally improper. The Third Circuit instructs that ineffective assistance of counsel claims or requests to develop an evidentiary record to support such claims must be: (1) raised in a collateral proceeding; and (2) brought under 28 U.S.C. § 2255. *See Gov't of V.I. v. Forte*, 806 F.2d 73, 77 (3d Cir. 1986). Defendant's Motion does neither.

Second, the Motion is premature. "Because [Defendant] has not yet been sentenced, § 2255 does not apply." *United States v. Colburn*, 345 F. App'x 764, 765 (3d Cir. 2009) (affirming dismissal of § 2255 petition as premature); *see also United States v. Sarpong*, No. 22-1884, 2023 WL 4575931, at *3 (3d Cir. July 11, 2023) ("[Defendant's] suggestion of ineffective assistance of counsel is both premature and erroneous. Premature because ineffectiveness claims are generally not ripe on direct review.").

Third, neither the Third Circuit nor the "interests of justice" require limited appointment of CJA counsel. *See Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991) (holding that courts need not "appoint counsel for [defendants] who indicate, without more, that they wish to seek post-conviction relief"), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d); *see also* 18

U.S.C. § 3006A(2)(B) (providing district courts with discretion to appoint CJA counsel when "the interests of justice so require"). In any event, the Court reminds Defendant that after granting conflicted counsel's withdrawal request, the Court appointed CJA counsel to represent Defendant. (*See* ECF No. 38.) Defendant, however, sought to appear in post-trial proceedings *pro se*, which the Court allowed after conducting a *Faretta* hearing. (*See* ECF No. 83.) Now, only a month before sentencing, Defendant's Motion contends that the limited appointment of additional CJA counsel is necessary "because neither prior counsel, trial counsel, nor the [D]efendant can develop this record." (Def.'s Mot. 19.)

At this stage, the Court has no obligation to assist Defendant with inquiries related to speculative ineffective assistance of counsel claims. Rather, "the [C]ourt has an independent interest in protecting a fairly-rendered verdict from . . . tactics that may be designed to generate issues on appeal." *United States v. Moscony*, 927 F.2d 742, 749 (3d Cir. 1991). The Court, therefore, denies Defendant's Motion in its entirety. Should Defendant later file a proper motion for § 2255 relief, he may seek discovery at that time under the rules governing § 2255 proceedings.

**IT IS** on this 24th day of September 2026, **ORDERED** that:

1. Defendant's Motion (ECF No. 98) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE