**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NIKENSON JEAN MATHURIN,<br><br>Defendant. | Criminal No. 24-432 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Nikenson Jean Mathurin's ("Defendant") Motion for Reconsideration (the "Motion") (Def.'s Mot., ECF No. 99) of this Court's August 28, 2026, Opinion and Order denying Defendant's Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33(a) (ECF Nos. 89, 90). The United States of America (the "Government") opposed. (Gov't's Opp'n Br., ECF No. 106.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, such motions "may be filed pursuant to Local Civil Rules 1.1(a) and 7.1(i)." *United States v. Patel*, No. 22-35, 2024 WL 3937479, at *3 (D.N.J. Aug. 26, 2024). Motions for reconsideration are used sparingly to "correct manifest errors of law or fact or to present newly discovered evidence[,]" not to relitigate stale matters or raise new arguments. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

A motion for reconsideration is reviewed for abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "[A]n abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (alteration in original) (citations omitted). A judgment may be altered or amended only if the party seeking reconsideration shows "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion;] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citation modified). Defendant asserts that all three grounds warrant reconsideration. The Court addresses each in turn.

First, Defendant contends that the Third Circuit's recent decision in *United States v. Evans*, 175 F.4th 443, 450 (3d Cir. 2026), constitutes intervening precedent that "the Court did not have before it" at the time the Court issued its prior decision. (Def.'s Moving Br. 1.) In *Evans*, the Third Circuit held that portions of a detective's trial testimony "should have been deemed outside the scope of a lay opinion and inadmissible under [Federal Rule of Evidence] 701" where the detective's "experiences not associated with the facts of record" formed the bases of the opinions. *Evans*, 175 F.4th at 453. Based on this holding, Defendant argues that the Government's expert witness, Special Agent Pohar ("Pohar"), impermissibly: (1) inferred that Government investigators had "no reason to believe that anyone else other than [Defendant] engaged in [the fraudulent] transactions utilizing [certain] IP addresses" after admitting he is not a specialist in the relevant field (Def.'s Moving Br. 6-7); (2) testified regarding similarities between the signature samples Pohar compiled despite admittedly having "no training in handwriting analysis" (*id.* at 7); and (3) opined that Defendant wired money between his accounts "ultimately for his benefit or for the

purchase of personal expenses" (*id.* (citing Trial Tr. 248:15-18)). These opinions, according to Defendant, rested not on Pohar's perception of the relevant facts, but on his "training and experience." (*Id.* at 1.)

As the Government explains, *Evans* is neither intervening nor analogous here. (*See* Gov't's Opp'n Br. 3-4.) *Evans* was decided three months before the Court denied Defendant's Motion for a New Trial—it therefore does not constitute a "change in the intervening law." *See Marracco v. Kuder*, No. 08-713, 2009 WL 235469, at *4 (D.N.J. Jan. 30, 2009) (finding no "change in the intervening law" where the cited case was decided before the decision underlying the motion for reconsideration). Even if this Court had reason to find otherwise, *Evans* would still lend Defendant's argument no support because in *Evans*, the testifying detective offered opinions "regarding drug traffickers' *general practices*, which [were] not tied to his perceptions of the underlying facts of [the] case." *Evans*, 175 F.4th at 453 (emphasis added). While the Third Circuit found that such generalized opinions exceeded the bounds of Federal Rule of Evidence 701, it also noted that a witness may offer opinions and make logical inferences based on "personal perception" so long as those opinions and inferences are based on "the witness's own exposure to the facts." *Evans*, 175 F.4th at 451. That is precisely the standard reflected in this Court's August Opinion, where this Court considered that "Pohar testified that he personally reviewed the evidence" and concluded that Pohar's testimony was "rationally based upon his review of the records and his experience conducting fraud investigations and was helpful to the jury in understanding the evidence." (Aug. 28, 2026, Mem. Op. 7-8, ECF No. 89.) Defendant has therefore failed to show that an intervening change in the law warrants reconsideration of the Court's previous decision.

Next, Defendant points to two forms of so-called new evidence: (1) the "Phase One report" of Defendant's retained forensic financial analyst, which allegedly identifies "unlabeled and inconsistently applied date[s]" in the Government's summary exhibits (Def.'s Moving Br. 1-2); and (2) the Government's handwritten trial preparation notes, which Defendant contends were produced on "the eve of trial" and are now under review by a forensic document examiner (*id.* at 2, 10). The Government correctly observes that Defendant "did not advance these particular arguments in his initial Rule 33 motion," and this Court cannot consider "matters of fact that were not presented to the Court upon the original motion." (Gov't's Opp'n Br. 5 (quoting *United States v. Guibilo*, No. 04-558, 2007 WL 9717677, at *2 (D.N.J. May 16, 2007)); *see also* Def.'s Moving Br. for New Trial, ECF No. 78.) For the avoidance of doubt, however, the Court takes the opportunity to briefly explain why these arguments—if Defendant had properly raised them—would have nevertheless failed.

The Third Circuit has made clear that "new evidence . . . does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone*, 664 F.3d at 415-16 (citation modified). The Government's handwritten notes were made available to Defendant before trial, and Defendant could have—but did not—challenge their accuracy before the Court during trial. (*See* Def.'s Moving Br. 6.) As to the reports generated by Defendant's newly retained forensic experts, the Court notes that such reports are based on the Government's Exhibit 800, Summary Charts ("Summary Charts")—evidence that, again, was

made available to Defendant *before* trial.[1] Moreover, the mere fact that, after trial, experts prepared reports that happen to support Defendant's arguments does not enable this Court to recast those reports as new evidence. *See United States v. Pelullo*, No. 01-124, 2009 WL 689680, at *6 (D.N.J. Mar. 10, 2009) ("Since the evidence relied upon in seeking reconsideration must be 'newly discovered,' a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling."). Indeed, Defendant could have retained forensic experts to explore alleged defects in the Summary Charts at any point before now, but he apparently did so only after receiving an adverse ruling from this Court. *See also Massaro v. United States*, No. 97-2971, 1998 WL 241625, at *2 (S.D.N.Y. May 12, 1998) (finding that tests conducted by petitioner's experts post-conviction did not constitute new evidence under Rule 33 and "[r]ather, the only thing that [was] new about this evidence [was] the team of experts reviewing it" (citation omitted)). Defendant, accordingly, has not met the applicable standard for showing "new evidence" on a motion for reconsideration, nor could he.

Finally, Defendant claims that a "structural manifest injustice" is present because Defendant has proceeded *pro se* "without the business records, payroll records, preparer communications, and devices" that were in the vehicle seized by the New Jersey State Police on March 10, 2024, and which remain unavailable to Defendant. (*See* Def.'s Moving Br. 2, 15-16.) Defendant also argues that the pending completion of forensic financial and handwriting examinations by his retained experts—for which he requests permission to supplement the record

[1] This Court previously explained that "Defendant had an opportunity to review the Summary Charts and underlying evidence in advance of trial, the underlying evidence was admitted by stipulation, and the Summary Charts were admitted without objection." (Aug. 28, 2026, Mem. Op. 5.)

upon completion—is necessary and "not within his control." (*Id.* at 2, 17.) The seizure of these records and devices, Defendant argues, "bears the mark of bad faith" and warrants inquiry into the circumstances of the seizure and the whereabouts of the documents. (*Id.* at 16.)

The Court is not convinced. Defendant's *pro se* status—which he specifically requested (*see* ECF No. 83)—does not inherently lead to the conclusion that Defendant has faced an injustice that requires this Court to order a new trial, let alone to do so mere weeks before sentencing. Rather, "[a]s the exhaustive [docket] history in this case demonstrates, this [C]ourt has been exceedingly lenient with [Defendant]. Nevertheless, the [C]ourt cannot litigate this case for him." *Bennett v. Shoemaker*, No. 22-0354, 2024 WL 3969682, at *5 (M.D. Pa. Aug. 28, 2024); *see also McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("[T]he Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." (second alteration in original)).

Moreover, the Court notes that Defendant attempts to repackage and relitigate the very discovery-related arguments that this Court has considered and rejected not once, not twice, but three times in the last month.[2] (*See generally* Sep. 10, 2026, Order, ECF No. 97; Sep. 23, 2026, Mem. Order, ECF No. 103; Sep. 28, 2026, Mem. Order, ECF No. 105.) Even setting aside the fact that the Government has represented to both Defendant and this Court that the evidence Defendant seeks is neither in its possession nor control (*see* ECF No. 96), Defendant's repeated requests to supplement or otherwise reopen the record exemplify precisely the tactic that the Third Circuit has deemed improper in motions for reconsideration. *See Boldrini v. Wilson*, 542 F. App'x 152, 155 (3d Cir. 2013) (affirming order denying motion for reconsideration where defendant

[2] In fact, in this Motion, Defendant expressly references his Motion for *Brady/Giglio* Review and Disclosure (ECF No. 87), which was pending at the time Defendant filed this Motion, but the Court has since denied (ECF No. 105). (*See* Def.'s Moving Br. 16.)

"presented many of the same arguments that the District Court had previously rejected" and thus "properly refused to allow [defendant] to relitigate issues that it had already decided"). The Court—yet again—rejects Defendant's attempts to skirt the limits of discovery in criminal matters.

While Defendant was within his right to seek reconsideration of the Court's decision to deny him a new trial, persuading the Court to do so required that he meet a heavy burden. Considering each of Defendant's arguments separately and taking them together, the conclusion is clear: Defendant has not met that burden.

The Court, accordingly, denies the requests set forth in Defendant's Motion.

**IT IS,** on this 16th day of October 2026, **ORDERED** that:

1. Defendant's Motion (ECF No. 99) is **DENIED.**

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE